UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>JERRY LEE DAVENPORT, )<br>Defendant. )<br>) | C.A. No. 24-cr-4-JJM-LDA |

ORDER

The question before the Court is whether Jerry Lee Davenport's prior conviction in 2012 in New Hampshire under N.H. Rev. Stat. Ann. § 632-A:3 constitutes a conviction for "abusive sexual contact involving a minor." 18 U.S.C. §§ 2252(b)(1) and (2). If so, Mr. Davenport faces an enhanced mandatory minimum sentence as provided by federal statute. Mr. Davenport is charged here with one count of knowingly receiving materials containing any visual depiction of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(2) & (b), and one count of knowingly possessing and accessing with intent to view materials containing any visual depiction of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(4)(B) & (b)(2), and he has a prior conviction for possession of child pornography.

The modified categorical approach is used here to determine whether the state conviction is a predicate offense under the federal enhancement provision. *Descamps v. United States*, 570 U.S. 254, 261 (2013) ("sentencing courts—applying what we would later dub the "modified categorical approach"—may look beyond the statutory

elements to "the charging paper and jury instructions" used in a case.); *United States v. Abreau*, 106 F.4th 1, 7 (1st Cir. 2024) (A "variant" of the above analysis–the "modified categorical approach" -- applies when a defendant's prior offense is part of a "divisible" statute."). This approach requires the Court to look first to the statutory text and then to court documents to determine whether the statute is divisible.

Mr. Davenport plead guilty to an indictment in New Hampshire Superior Court[1] that accused him of:

> "FELONIUS ASSAULT, in that he did *purposely engage in sexual contact with a person* other than his legal spouse *who is under the age of 13*, when he touched A.F.'s breast with his hand, A.F. being a young girl whose date of birth is [XX/X/2001] and while A.F. was less than 13 years of age."

ECF No. 29-1 at 1 (emphasis added).

This guilty plea to this indictment establishes that Mr. Davenport plead guilty to subsection III of N.H. Rev. Stat. Ann. § 632-A:3, which provides that: "A person is guilty of a class B felony if such person: *** *Engages in sexual contact with a person* other than his legal spouse *who is under 13 years of age*." (emphasis added)[2]

This subsection of the New Hampshire state statute to which he plead guilty meets the criteria for an enhancement under "abusive sexual contact involving a minor." 18 U.S.C. § 2252(b)(2). Thus, Mr. Davenport's objection to the Government's Notice of Prior Conviction and Enhanced Penalty is overruled.

---

[1] Case No. N.H. 219-2011-CR-0111.
[2] A plea colloquy is not necessary here, as Mr. Davenport contends, to establish the pertinent facts of his previous conviction, because the indictment does so sufficiently.

IT IS SO ORDERED,

_____
John J. McConnell, Jr.
Chief Judge
United States District

April 14, 2025